GEORGE W. KEAS, GUARDIAN, v. ROBERT GORDY, JR.

Decided January 20, 1904.

**1.—Trespass to Try Title—Amendment—New Cause.**
An amendment by which a plaintiff, who had plead generally in trespass to try title, sets up specifically the facts relied on for recovery, does not introduce a new cause of action.

**2.—Request for Instruction.**
Error in refusing a requested instruction can not be considered where the instruction in question was withdrawn by the one presenting it, though this was done under a mistaken impression that the charge of the court covered the point and was more favorable to him.

**3.—Resulting Trust—Proof.**
Evidence considered and held to support a recovery of land on the theory that the purchase money was furnished by plaintiff, though the title was conveyed to his father.

Appeal from the District Court of McLennan. Tried below before Hon. Marshall Surratt.

Keas sued Gordy for the recovery of land, and had judgment, from which the defendant appealed.

*D. A. Kelley,* for appellant.

*Richard I. Munroe* and *J. R. Downs,* for appellee.

KEY, ASSOCIATE JUSTICE.—This suit involves the title to a tract of land in McLennan County, and from a verdict and judgment in favor of the plaintiff the defendant has appealed. The land was deeded to Robert Gordy, Sr., and the contest is between two of his children.

The plaintiff claims that the land is his property under the theory that he furnished the purchase money to pay for it, and that though deeded to his father, the latter held it in trust for plaintiff. The defendant holds under the will of Robert Gordy, Sr.

By the first assignment of error it is contended that, as the plaintiff's original petition was in the form of trespass to try title, and as he afterwards filed an amended petition specifically pleading the facts upon which he relied for a recovery, he should have been charged with all the costs of the suit up to the time of the filing of the amended petition. We overrule this contention. The amended petition did not set up a new cause of action.

The second assignment complains of an alleged omission in the court's charge. The omission referred to did not constitute positive error, and if appellant desired to have it corrected, he should have prepared and requested an instruction for that purpose. It is contended that this was done, but that the special instruction was withdrawn at the suggestion of the court that it was covered by the court's charge. The record does not contain any such instruction marked refused by the trial judge. Such an instruction is attached to the motion for new trial, which the

motion states was presented to the court, and at the court's suggestion withdrawn upon the supposition that the charge given by the court was more in defendant's favor than the requested instruction. The motion for new trial was not verified, but conceding the facts as therein stated, it does not appear that the defendant's counsel had not seen and did not know the contents of the court's charge at the time he withdrew the special instruction. This being the case, we think the objection to the court's charge must be disposed of upon the theory that no instruction was requested covering the omission now complained of; and it is well settled that when such is the state of the record, reversible error is not shown.

Under several assignments the verdict of the jury is attacked as unsupported by the testimony, but in view of the evidence of more than one disinterested witness to the effect that Robert Gordy, Sr., had stated to them that the plaintiff had paid for the property in controversy, and other testimony submitted by the plaintiff tending to support that theory, we have reached the conclusion that this is not one of the exceptional cases in which an appellate court should set aside the verdict of a jury.

No reversible error being shown, the judgment is affirmed.

*Affirmed.*